UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jamal Malone,                                                    Case No.  1:16-cv-1993

            Petitioner,

      v.                                                    MEMORANDUM OPINION
                                                                AND ORDER

Alan Lazaroff, Warden,

            Respondent.

## I.    INTRODUCTION

Petitioner Jamal Malone seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging

his convictions in the Cuyahoga County, Ohio Court of Common Pleas for aggravated murder,

murder, felonious assault, prohibited discharge of a firearm, and illegal possession of a weapon.

(Doc. No. 1).  Magistrate Judge David A. Ruiz reviewed the petition as well as the related briefing

pursuant to Local Rule 72.2(b)(2) and recommends I dismiss the petition.  (Doc. No. 39).  Judge

Ruiz also entered an order denying Malone's motions to amend the petition, for an evidentiary

hearing, and for leave to amend his Traverse.  (Doc. No. 38).  Malone objects to Judge Ruiz's

Report and Recommendation, (Doc. No. 43), and his order denying Malone's other motions.  (Doc.

No. 44).

Subsequently, Malone retained an attorney, John Parker, (Doc. No. 46), and received leave

to file amended objections.  (*See* non-document entry dated August 3, 2020).  Attorney Parker then

filed amended and supplemental objections on Malone's behalf.  (Doc. No. 48).  For the reasons

stated below, I overrule Malone's objections, adopt Judge Ruiz's Report and Recommendation, and dismiss Malone's petition.

## II.   BACKGROUND

On March 7, 2014, Malone was found guilty of charges of aggravated murder, murder, felonious assault, discharge of a firearm on or near a prohibited premises, and having a weapon while under disability.  He received an aggregate sentence of 33 years to life in prison.

Malone must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect.  28 U.S.C. § 2254(e)(1).  He objects to the "presumption of correctness" Judge Ruiz gave to the state court's factual findings.  (Doc. No. 43 at 2).  Attorney Parker offered no further objections to this portion of the Report and Recommendation.  (Doc. No. 48 at 3).

Malone does not specifically identify any errors Judge Ruiz allegedly made.  Instead, he offers additional facts, as well as factual inferences and conclusions he has drawn, from the testimony of certain trial witnesses.  (*Id.* at 2-4).

A state court is in "a far better position than federal courts" to make findings of fact or credibility, because it hears the evidence and observes the witnesses in real time, and its conclusions are entitled to "'a high measure of deference.'"  *Johnson v. Genovese*, 924 F.3d 929, 939 (6th Cir. 2019) (quoting *Rushen v. Spain*, 464 U.S. 114, 120 (1983)).  Malone's disagreement with the state court's factual findings does not establish that those findings were incorrect.  Therefore, I overrule Malone's objection to Judge Ruiz's recitation of the factual and procedural history of this case.  I adopt those sections of the Report and Recommendation in full.  (Doc. No. 39 at 2-7).

## III.   STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636.  Written objections

2

"provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Malone seeks relief on the following grounds:

**GROUND ONE**: When a witness testifies in exchange for a benefit provided by the state, a trial court must provide the following cautionary instruction:

> You must consider some witnesses [*sic*] testimony with more caution than others. For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who have received, or hope to gain, more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.
>
> The testimony of such witnesses does not become inadmissible because of their moral turpitude or self-interest, but the benefits obtained by the witnesses may affect their credibility and make[s]

3

their testimony subject to grave suspicion, and requires that it be weighed with great caution.

**GROUND TWO**: A trial court errs in failing to grant the defendant a separate trial from his co-defendant when a joint trial will result in otherwise inadmissible evidence being presented to the jury.

**GROUND THREE**: The state fails to present legally sufficient evidence of identity when there is no physical evidence and no eye witnesses tying the defendant to the crime and when the circumstantial evidence implicates other suspects as well as the defendant.

(Doc. No. 39 at 9 (citing Doc. No. 1-1 at 2-3)).

## A.    JURY INSTRUCTION ON INFORMANTS' TESTIMONY

In his first ground for relief, Malone challenges the state court's refusal to give his proposed instruction on the testimony of motivated witnesses.  After noting that two witnesses – John Young and Rodell Smith – who testified during Malone's trial received reduced sentences in their unrelated cases in exchange for their testimony, the Eighth District Court of Appeals rejected Malone's claim because the trial court had given the proper jury instruction for the testimony of an informant rather than Malone's preferred modified version of the accomplice-testimony instruction.

Judge Ruiz concluded Malone failed to show the purportedly-deficient instruction "'by itself so infected the entire trial that the resulting conviction violates due process.'"  (Doc. No. 39 at 16 (quoting *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977)).  Malone objects, arguing the trial court should have instructed the jury to view Young and Smith's testimony with "grave suspicion" rather than with "greater caution."  (Doc. No. 43 at 5).

A habeas petitioner is not entitled to relief based upon a claim that a jury instruction allegedly was incorrect under state law.  *Scott v. Mitchell*, 209 F.3d 854, 875 (6th Cir. 2000) (quoting *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991)).  The alleged error must violate federal law.  *Estelle*, 502 U.S. at 68.  In evaluating a federal due-process claim during habeas proceedings, the proper

harmless-error standard a court must apply is whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).  Habeas petitioners are not entitled to relief based upon "a 'reasonable possibility' that the error was harmful," but only if "'the defendant was actually prejudiced by the error.'"  *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (quoting *Brecht*, 507 U.S. at 637, and *Calderon v. Coleman*, 525 U.S. 141, 146 (1998)).

While Malone also contends AEDPA does not apply to this ground for relief because the appellate court "did not address the federal Constitutional question presented," (Doc. No. 48 at 7), there is no dispute that Ground I is subject to harmless-error analysis under *Brecht*.  (*Id.* at 3).

As the Eighth District Court of Appeals noted, Young and Smith were not accomplices to the offenses for which Malone was on trial.  Further, while Attorney Parker complains "[t]he fundamental problem with the jury instruction given is that it did not instruct the jury that informant testimony is to be 'weighed with great caution,'" (Doc. No. 48 at 7 (citing Doc. No. 43 (Malone's pro se objections))), this "fundamental" problem does not actually exist, as the trial judge expressly instructed the jury that testimony given by witnesses who received consideration for their cooperation "must carefully be examined and evaluated by you . . . [and] used with <u>greater caution</u> than with ordinary witnesses."  (Doc. No. 27-11 at 40 (emphasis added)).

Malone fails to show the trial court made an error of state law, much less that the difference between "grave suspicion" in Malone's desired instruction and "greater caution" in the trial court's instruction might have "so infected the entire trial" as to make Malone's conviction fundamentally unfair.  *Hodges v. Parker*, 493 F. App'x 704, 708 (6th Cir. 2012) (quoting *Henderson*, 431 U.S. at 154).  Malone has not shown his federal due process rights were violated.  *See Beltowski v. Brewer*, 766 F. App'x 218, 221 (6th Cir. 2019).

Finally, to the extent Malone objects to Judge Ruiz's recommendations based upon the trial court's failure to instruct the jury as to Asa Prude's testimony in exchange for a reduced sentence, (Doc. No. 43 at 6-7; Doc. No. 48 at 5), Malone failed to raise this claim before the Ohio courts.  *See! Ohio v. Malone,* 2015 WL 3540457, at *9-10; (Doc. No. 15-1 at 49-53).  Therefore, it is procedurally defaulted and cannot serve as a basis to undermine Judge Ruiz's conclusions.  *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

I overrule Malone's objections to Judge Ruiz's recommendation as to Ground One and deny Malone's petition on that ground.

## B.   SEVERANCE OF CO-DEFENDANT

Malone's second ground for relief arises from the trial court's denial of his motion to sever his trial from that of his co-defendant, Darnell Holloway.  Judge Ruiz concluded Malone fails to show the trial actually prejudiced him or was so unfair as to violate his due process rights.  (Doc. No. 39 at 19-21).  Malone objects, arguing the failure to sever his trial prejudiced him because it made his trial unfair, resulted in witnesses against Holloway implicating Malone through hearsay testimony, and prohibited Malone's attorney from calling Holloway as a witness in violation of Malone's Sixth Amendment right to confront witnesses against him.  (Doc. No. 43 at 8-11).

Malone further contends he "does not have to overcome AEDPA because the Ohio courts never addressed the *Bruton* [*v. United States*, 391 U.S. 123 (1968)] issue even though [it] was properly raised at trial and on appeal."  (Doc. No. 48 at 11).  He also argues, without any basis, that "[m]ost likely the Magistrate [Judge] never read the briefs filed in State court by Malone's counsel or the trial transcript section where defense counsel raises the *Bruton* issue.  Instead, the Magistrate [Judge] likely read only the Ohio Court of Appeals decision which completely fails to address or mention the preserved *Bruton* issue."  (*Id.* at 13).

Neither of Malone's objections have merit.  His latter objection ignores controlling Supreme Court case law.  A federal habeas court reviewing a state court decision is tasked with determining whether the state court has reach a decision that is contrary to clearly established Supreme Court precedent because "it 'applies a rule that contradicts the governing law set forth in our cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.' . . . Avoiding these pitfalls does not require citation of our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002) (citation omitted) (emphasis in original).

The fact that the Eighth District did not cite *Bruton* has no impact on the appropriate standard of review, because it is "the result of a state court's decision [that] controls when the state court fails to explain its reasoning."  *Bugh v. Mitchell*, 329 F.3d 496, 507–08 (6th Cir. 2003) (holding the "contrary to" prong of § 2254(d)(1) applies to state court decisions which do not identify controlling Supreme Court precedent).

This long-standing precedent from both the Supreme Court and the Sixth Circuit further magnifies the baselessness and impropriety of Attorney Parker's statements maligning Judge Ruiz's work and his integrity.  Any future comments of this type by Attorney Parker, whether in this case or another in which he appears before me, will be met with sanctions under Rule 11 of the Federal Rules of Civil Procedure.

The Eighth District Court of Appeals considered and rejected Malone's fair-trial and due-process arguments.  *Ohio v. Malone*, 2015-Ohio-2150, 2015 WL 3540457, at *7-8 (Ohio Ct. App. June 4, 2015).  That court first noted Ohio law favors the joinder of defendants who allegedly engaged in the same acts or course of criminal conduct unless one or more defendants can demonstrate prejudice arising from joinder.  *Id.* at *8.  The Eighth District then concluded Malone failed to

establish prejudice because his theory of defense was that two other individuals committed the murder, not he and Holloway.  *Id.*  Further, it concluded Malone was not prejudiced by Young and Smith's testimony against Holloway because the trial court "went to great lengths to 'pare down' the informants' testimonies to ensure Malone was not directly referenced," and instructed the jury not to consider statements "by one defendant made outside the presence of another defendant" as evidence against that other defendant.  *Id.*

Malone fails to show he was prejudiced by the joint trial.  Co-defendants may be tried together even if each defendant attempts to convince the jury that the other defendant was the one who actually committed the offense.  *See United States v. Fields*, 763 F.3d 443, 457 (6th Cir. 2014). Further, severance of the trials is not warranted by "a spillover of evidence" presented against one defendant unless another defendant "can point to specific substantial, undue, or compelling prejudice."  *Id.* (quoting *United States v. Lopez,* 309 F.3d 966, 971 (6th Cir.2002)) (internal quotation marks omitted).  Jurors are "presumed capable of sorting out the evidence and considering the cases of each defendant separately." *United States v. Moore,* 917 F.2d 215, 222 (6th Cir.1990).

Malone contends he was prejudiced when Smith mentioned Malone while testifying about what Holloway told Smith while both were in the Cuyahoga County jail.  The portion of Smith's testimony to which Malone objects consists of Smith's confirmation he saw Malone and Holloway talking to each other while in the rec yard at the jail and an erroneous mention by the prosecution of Malone's name rather than Holloway's.  (*See* Doc. No. 21-7 at 63).  This is not sufficient to establish prejudice.  Malone never denied knowing Holloway and the trial judge sustained Malone's objection to the prosecutor's statement.  (*Id.*).

Moreover, Malone's argument that the joint trial violated his Sixth Amendment right to confront witnesses against him lacks merit.  Holloway did not testify during the trial and Malone had a full and fair opportunity to cross-examine both Young and Smith.  *Bruton* does not bar the use of a

codefendant's redacted statement merely because the statement incriminates the defendant after being "linked with other evidence adduced at trial." *United States v. Ford*, 761 F.3d 641, 654 (6th Cir. 2014) (citations omitted); *see also Richardson v. Marsh*, 481 U.S. 200, 208 (1987) (holding *Bruton* does not require the exclusion of a codefendant's statements which do not directly refer to the defendant and which become incriminating "only when linked with evidence introduced later at trial").

I conclude Malone fails to meet his "heavy burden" to establish he was prejudiced by the joint trial. *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001). I overrule Malone's objections and adopt Judge Ruiz's recommendation as to Ground Two of Malone's petition.

## C.  SUFFICIENCY OF THE EVIDENCE

In his third ground for relief, Malone asserts the prosecution failed to produce sufficient evidence to support a guilty verdict. Judge Ruiz concluded there was sufficient evidence to establish Malone's guilt and the Eighth District's rejection of his appeal on this basis was not contrary to or an unreasonable application of clearly established federal law. (Doc. No. 39 at 23-26).

Habeas petitioners seeking relief based upon claims related to the sufficiency of the evidence at trial face a very difficult road. *See Coleman v. Johnson*, 566 U.S. 650 (2012) ("[E]vidence is sufficient to support a conviction if, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original))). This "deferential" standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman*, 566 U.S. at 655 (quoting *Jackson*, 443 U.S. at 319).

Even if a habeas court concludes no rational trier of fact could found each essential element from the evidence presented, the court then must determine whether the state court was "objectively

unreasonable" in upholding the jury's verdict.  *Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010).

Malone repeats his contentions from his state-court appeal and his petition – that there was no physical evidence or identification testimony tying him to the murder and the evidence establishes nothing more than he may have been at the scene when Stratford was shot.  (Doc. No. 43 at 13-16).  The amended and supplemental objections adopted the facts set forth in Malone's pro se objections and argue the state court's finding of guilt was objectively unreasonable under *Jackson* "[e]specially when one views the evidence without the *Bruton* evidence . . . ." (Doc. No. 48 at 16-17). These arguments fall short.

The Eighth District rejected Malone's sufficiency-of-the evidence arguments during his direct appeal after describing the "ample evidence of Malone's motive to kill Stratford, the actions he undertook prior to Stratford's death, his presence at the scene of the crime, and his subsequent efforts to hide his involvement in Stratford's death by transferring the title of his Chevy Impala." *Ohio v. Malone*, 2015 WL 3540457, at *6.  "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *Stewart*, 595 F.3d at 656 (quoting *United States v. Kelley,* 461 F.3d 817, 825 (6th Cir.2006)); *see also Mills v. Larose*, 693 F. App'x 411, 416 (6th Cir. 2017) (rejecting habeas petitioner's sufficiency-of-the-evidence argument regarding petitioner's complicity-to-commit-felony-murder conviction because "participation in criminal intent may be inferred from presence, companionship[,] and conduct before and after the offense is committed." (quoting *Ohio v. Johnson*, 754 N.E.2d 796, 797 (Ohio 2001))).

Moreover, I already have concluded there was no *Bruton* error during the trial and thus there is no basis for excluding "the *Bruton* evidence" from consideration.  (Doc. No. 48 at 17).

Viewing the evidence in "the light most favorable to the prosecution," a rational trier of fact could conclude this evidence presented was sufficient to establish Malone's guilt.  *Glisson v. Johnson*, 705 F. App'x 361, 365-66 (6th Cir. 2017) (quoting *Coleman*, 566 U.S. at 654).  I overrule Malone's objections and adopt Judge Ruiz's recommendation as to Ground Three.

D.    MISCELLANEOUS MOTIONS

Malone also objects to Judge Ruiz's denial of his motion for an evidentiary hearing and his motion to file an amended traverse.  (*See* Doc. No. 38 and Doc. No. 44).

"Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'"  *Stanford*, 266 F.3d at 459.  Malone fails to establish any of these conditions are true.  What he claims are "disputed issues of material fact," (Doc. No. 44 at 2), are matters which the jury concluded were insufficient to create reasonable doubt and which the Eighth District concluded did not invalidate his conviction.  *See Ohio v. Malone*, 2015 WL 3540457. Malone's disagreement with these conclusions is not clear and convincing evidence that those factual findings were incorrect.  28 U.S.C. § 2254(e)(1).

Malone sought leave to amend his traverse due to what he describes as his mistake in filing an earlier supplemental traverse as an amended traverse.  He then sought to amend his traverse again in order to include all of his arguments in one document.  (Doc. No. 36).  The arguments Malone seeks to present in his second amended traverse do not entitle him to relief under § 2254(d). Therefore, I overrule his objections.

V.    CONCLUSION

For the reasons stated above, I overrule Malone's objections, (Doc. Nos. 43 and 48), to Judge Ruiz's Report and Recommendation, (Doc. No. 39), and adopt the Report and Recommendation in full.  I also overrule Malone's objections, (Doc. No. 44), to Judge Ruiz's order

11

denying Malone's motions for leave to amend the petition, for an evidentiary hearing, and for leave to amend the traverse.  (Doc. No. 38).

I also deny Malone's request for a certificate of appealability.  A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner need not demonstrate he should prevail on the merits.  Rather, the petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

<u>s/ Jeffrey J. Helmick</u>
United States District Judge